**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 18, 2007
Decided March 9, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2791

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>   *v.*<br><br>PAUL E. PALMER,<br>   *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Central<br>District of Illinois.<br><br>No. 01 CR 20041<br><br>Michael P. McCuskey,<br>   *Chief Judge.* |

**O R D E R**

The defendant in this case was convicted of one count of conspiracy and six counts of aiding and assisting in the filing of false income tax returns. On appeal, this court affirmed the convictions but acting on the agreement of the government, the court remanded the matter to the trial court for re-sentencing post-*Booker*. (*United States v. Booker*, 543 U.S. 220 (2005.))  The defendant now appeals the new sentence.

The defendant claimed that the reimposition of the sentence itself was vindictive. The record fails to demonstrate this. The record further shows that the district court's restitution order credited the defendant appropriately for past and future payments of third parties and was not in error.

The claim of *ex post facto* clause violation borders on the frivolous. The defendant's argument that his rights to a speedy trial were violated was laid to the rest in the first appeal

The sentence and judgment of the district court is summarily affirmed.